

# NUMBER 13-14-00237-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS,                                          Appellant,

v.

ISAAC SASTAITA,                                              Appellee.

## On appeal from the 105th District Court
## of Kleberg County, Texas.

## ORDER

**Before Chief Justice Valdez and Justices Garza and Longoria
Order Per Curiam**

On April 8, 2014, the trial court granted a motion to suppress evidence. The State filed a notice of appeal and this Court granted a stay in the trial court's proceedings pending disposition of its appeal. *See* TEX. CODE CRIM. PROC. ANN. § 44.01(a)(5), (e) (West Supp. 2011). On September 15, 2014, the State filed a brief.

Appellee's retained counsel has informed the Court that he was not retained for purposes of the appeal. All correspondence sent to appellee has been returned as "insufficient address unable to forward." Based upon the record currently before the Court, it is unknown if appellee is indigent and entitled to court appointed counsel.

Accordingly, we now ABATE this appeal and REMAND the cause to the trial court for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. Whether retained counsel continues to represent appellee; if not,

2. Whether appellee is indigent;

3. Whether appellee is entitled to appointed counsel;

4. Whether appellee has abandoned this appeal; and

5. Appellee's current mailing address.

If the trial court determines that appellant is indigent and entitled to court-appointed counsel, the trial court shall appoint counsel to represent appellant in this appeal. If counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in an order appointing counsel.

The trial court shall cause its findings and recommendations, together with any orders it may enter regarding the aforementioned issues, to be included in a supplemental clerk's record. Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
17th day of October, 2014.